HERBERT A. EDWARDS *vs.* RANDOLPH C. BROWN.

Aroostook.    Opinion November 26, 1903.

*Sales.  Delivery,* taking possession by agent.  *Stat. of Frauds.  R. S. (1883), c. 111.*

Plaintiff and defendant made a verbal agreement that the plaintiff would buy the defendant's hay in his barn, estimated to be between fifteen and twenty tons, for six dollars a ton.

Plaintiff was to press the hay in defendant's barn, and after it was pressed defendant was to haul it to the depot.

Plaintiff employed Giberson to press the hay.  He went to defendant's barn and pressed the hay, for which he was paid by the plaintiff.  Defendant did not haul the hay to the depot, but sold it to other parties.

In an action to recover damages for the breach of contract, the defendant interposed the Statute of Frauds as a defense.

*Held;* that the delivery by defendant of the hay to Giberson, plaintiff's agent, and the pressing by him, was a sufficient delivery and acceptance by the plaintiff to satisfy the Statute of Frauds.

On report.    Action to stand for trial.

Assumpsit for breach of contract of bargain and sale of a certain quantity of hay, alleged by the plaintiff to have been sold by him to the defendant.    Defense, want of delivery.

*L. C. Stearns and E. A. Holmes,* for plaintiff.

*W. P. Allen and G. H. Smith,* for defendant.

SITTING:  WISWELL, C. J., EMERY, STROUT, SAVAGE, PEABODY, SPEAR, JJ.

STROUT, J.  The facts are these:  Early in June plaintiff and defendant at plaintiff's store made a verbal agreement that the plaintiff would buy the defendant's hay in his barn, estimated to be between fifteen and twenty tons, for which plaintiff was to pay six dollars a ton, plaintiff to press the hay in defendant's barn, all to be done before haying time; and after the hay was pressed defendant was to haul the hay to the depot or to the store-house, plaintiff's

place of business at the depot. About the first of July defendant asked plaintiff if the press was going over, and was told that it was. He said he did not want it to go till the following Wednesday, the sixth of July. Plaintiff employed Thomas Giberson to press the hay. His press and men to operate it were at defendant's barn on July sixth, and pressed the hay, being nearly nineteen tons, into bales of 200 to 300 pounds each, and marked the bales. Plaintiff paid for the pressing at two dollars per ton. Defendant refused to allow plaintiff to have his hay after it was pressed, and this action is brought to recover the damages.

In defense the statute of frauds is pleaded.

Giberson was employed and paid by plaintiff to press the hay. For that purpose he was the agent of the plaintiff. In pressing, he acted for the plaintiff and under his authority, and had actual physical possession of the hay while so engaged. The permission of defendant to this is evidence of a delivery by him. This was a sufficient acceptance and receipt by the plaintiff to satisfy the statute of frauds, and it would seem sufficient to pass title to the hay, subject, of course, to plaintiff's right to reject, if the hay was not merchantable. This principle is recognized in *Dyer* v. *Libby*, 61 Maine, 45; *White* v. *Harvey*, 85 Maine, 212; *Penley* v. *Bessey*, 87 Maine, 533.

The hay was left in defendant'a barn after it was pressed by plaintiff's agents, as plaintiff's hay, to be hauled to the depot by defendant in accordance with the agreement. That was the only purpose for its remaining there. When defendant refused to haul the hay to plaintiff's store-house at the station, which he had agreed to do, he violated his legal contract, and became responsible to the plaintiff for his damages, for which this action is brought. By the terms of the report,

*Cuse to stand for trial.*